# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD, | 1:14-cv-00874-AWI-BAM (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| D. WOODS, et al., | |
| Defendants. | |

### I. Screening Requirement and Standards

Plaintiff Zane Hubbard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 9, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Corcoran.  Plaintiff alleges as follows:  On May 6, 2014, after being attacked by a correctional officer, Plaintiff was being medically evaluated by Defendant RN Woods in the presence of ISU Officer Woodrow at Corcoran's main treatment hospital.  While Plaintiff was in restraints in a wheelchair, Defendant RN Woods touched Plaintiff's ass.  Plaintiff told Defendant RN Woods to back up and that the behavior was unethical and unnecessary for a medical evaluation.  Officer Woodrow, T. Franco, J. Ramirez, J. Medina and J. Almaguer did and said nothing.  Prior to this alleged invasion of privacy, Plaintiff contends that these officers threatened to sodomize him and orally copulate with him.  Plaintiff alleges that these officers stated that this was the purpose for Plaintiff to be housed at Corcoran.  The officers also alleged that Plaintiff was being held captive and tortured until he "jack[s] off" to Graciela Moreno of ABC Action News while watching Plaintiff through electroconvulsive therapy.

Plaintiff seeks damages and injunctive relief.

**III.     Discussion**

    **A.  Eighth Amendment**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citation omitted).  A sexual assault on a prisoner by a correctional officer is "deeply offensive to human dignity."  Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) (quotation and citation omitted).  However, not every malevolent touch by a prison guard gives rise to a federal cause of action.  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam).  Necessarily excluded from constitutional recognition is the *de minimis* use of force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotations marks omitted).

    Here, Plaintiff's allegations do not include any evidence of undue force.  At best, Plaintiff alleges a single touch of his buttocks by RN Woods during a medical evaluation following an asserted assault.  This does not rise to the level of a constitutional violation.  See, e.g., Berryhill v. Schiro, 137 F.3d 1073, 1076 (8th Cir. 1998) (brief touch of prisoner's buttocks by prison employees did not constitute Eighth Amendment violation).

    **B.  Failure to Intervene**

    The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so.  Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

    Here, Plaintiff has failed to state a cognizable claim against Officer Woodrow, T. Franco, J. Ramirez, J. Medina and J. Almaguer for failure to intervene.  There is no indication that these

individuals failed to intervene in any alleged sexual assault or abuse of Plaintiff during the medical evaluation. As noted above, Plaintiff has not stated a cognizable constitutional claim arising from the alleged touching of his buttocks during a medical evaluation.

### C. Threats and Harassment

Plaintiff also fails to state a cognizable claim arising out his allegations that defendants made threatening statements. Verbal harassment and threats do not constitute a violation of the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment and vulgar language); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats).

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim. However, Plaintiff will be given leave to amend his complaint and cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **March 18, 2015**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE