# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>            Plaintiff,<br><br>     v.<br><br>D. WOODS, et al.,<br><br>            Defendants. | 1:14-cv-00874-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

### I.      Screening Requirement and Standards

Plaintiff Zane Hubbard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2015, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on April 15, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran.  He names the following defendants:  (1) Correctional Officer J. Almaguer; (2) Registered Nurse D. Woods; (3) News Reporter Graciela Moreno; (4) Investigative Service Unit Officer Woodrow; and (5) Correctional Officer T. Franco.

Plaintiff alleges that his civil rights complaint stems from his personal relationship with Graciela Moreno of ABC Action News while he was released from prison custody.  Plaintiff contends that he had a very distasteful relationship with Ms. Moreno and he terminated it.

Plaintiff now alleges that Ms. Moreno does not want to accept that nothing exists between them and has decided to use her status as a news reporter and a personal friend to request a favor from prison employees and court officers to harass and abuse Plaintiff into a relationship with her.

Plaintiff alleges that Warden Connie Gipson, who he assumes is a personal friend of Mr. Moreno, has breached the security of the institution with electronic monitoring of Plaintiff in his cell without lawful excuse, justification or court order.  Plaintiff asserts that the electronic monitoring of him in his cell is being shared with millions of people all over the world and other inmates.  Plaintiff also believes that his activities of daily living are being shared with foreign countries and nationally.  Plaintiff further alleges that the electronic monitoring allows the government, foreign governments, national and foreign citizens, prison employee and inmates to monitor and verbally and sexually harass him.  Plaintiff asserts that the monitoring is known as military force, which is constitutionally prohibited from being used against him.  Plaintiff contends that the electronic monitoring allows national and foreign governments to exploit and expose him and his property, along with threatening his life with sexual victimization, murder and extortion.

Plaintiff contends that he was assaulted by prison guards in an unreasonable manner. Acting on a favor for Ms. Moreno, after the assault, Plaintiff was tied to a wheelchair with a sheet around his chest and ankles while already handcuffed behind his back and shackled at his feet. The alleged assault and related allegations are the apparent subject of another lawsuit identified as Hubbard v. Gutierrez, 1:14-cv-01560 MJS.  (ECF No. 8, p. 6.)  Plaintiff states that he successfully pled his claim, but was barred from obtaining relief because of an unconstitutional bill of attainder, ex post facto law.

Plaintiff further alleges that on May 6, 2014, after being attacked by a correctional officer, Plaintiff was being medically evaluated by Defendant RN Woods.  In the presence of Officer Woodrow, T. Franco, J. Medina, and J. Almaguer, Defendant Woods rubbed Plaintiff's ass below the waist knowing it was not a required form of evaluation.  Plaintiff told Defendant Woods to back up and he considered it to be homosexual behavior.  Officer Woodrow, T. Franco, J. Ramirez, J. Medina and J. Almaguer did not investigate the behavior.

Plaintiff alleges that Defendant Woods is a homosexual male.

Plaintiff further alleges that via electronic monitoring, Ms. Moreno harassingly and excessively asks Plaintiff to masturbate to her and that harassment will not stop until he becomes acquainted with her.

Plaintiff seeks punitive damages, injunctive relief and a stay.

### III.   Discussion

#### A.   Frivolous Nature of Allegations

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id. at 325.

Here, Plaintiff's allegations that he is being electronically monitored in his cell and that the monitoring of him is being viewed by Ms. Moreno and millions of people all over the world, including foreign governments, are clearly delusional and baseless. Plaintiff's additional allegations concerning Ms. Moreno, a news reporter, also are baseless and wholly fanciful allegations. These purported claims cannot be cured by amendment.

#### B.   Eighth Amendment

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citation omitted). A sexual assault on a prisoner by a correctional officer is "deeply offensive to human dignity." Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) (quotation and citation omitted). However, not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam). Necessarily excluded from constitutional recognition is the *de minimis* use of force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotations marks omitted).

Here, Plaintiff's allegations against Defendant Woods do not include any evidence of undue force. At best, Plaintiff alleges a single touch of his buttocks by RN Woods during a medical evaluation following an asserted assault. This does not rise to the level of a constitutional violation. See, e.g., Berryhill v. Schiro, 137 F.3d 1073, 1076 (8th Cir. 1998) (brief touch of prisoner's buttocks by prison employees did not constitute Eighth Amendment violation). Plaintiff has been unable to cure the deficiencies of this claim and further leave to amend is not warranted.

### C. Failure to Intervene

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

Here, Plaintiff has failed to state a cognizable claim against Officer Woodrow, T. Franco, J. Ramirez, J. Medina and J. Almaguer for failure to intervene. There is no indication that these individuals failed to intervene in any alleged sexual assault or abuse of Plaintiff during the medical evaluation. As noted above, Plaintiff has not stated a cognizable constitutional claim arising from the alleged touching of his buttocks during a medical evaluation.

Plaintiff has been unable to cure this claim and further leave to amend is not warranted.

### IV. Conclusion and Recommendation

Plaintiff's complaint contains frivolous claims and fails to state any cognizable claim upon which relief can be granted. As discussed above, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a cognizable section 1983 claim.

1  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839, (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2015**              /s/ Barbara A. McAuliffe            _
                                     UNITED STATES MAGISTRATE JUDGE